BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 379-4800
Attorneys for IFIG USA, Inc.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――x
                                            :
In re:                                      : Hon. Morris Stern
                                            :
PITTRA G.B. INTERNATIONAL, INC.,            : Case No. 06-10889 (MS)
                                            :
            Debtor,                         : Chapter 7
―――――――――――――――――――――:
                                            : Adv. Pro. No. 06-02702 (MS)
BENJAMIN A. STANZIALE, JR.,                 :
CHAPTER 7 TRUSTEE FOR PITTRA                : **IFIG USA, INC.'S ANSWER**
G.B. INTERNATIONAL, INC.,                   : **TO FIRST AMENDED COMPLAINT**
                                            :
            Plaintiffs,                     :
                                            :
      v.                                    :
                                            :
ARTHUR KUPPERMAN, PAULETTE                  :
KRELMAN, E. ROSS BROWNE, SR.,               :
ESCROW AND CLOSING SERVICES LTD.,           :
PGB INTERNATIONAL, LLC and                  :
WACHOVIA BANK, N.A.,                        :
                                            :
            Defendants.                     :
―――――――――――――――――――――x

Defendant, IFIG USA, Inc. ("IFIG" and "Defendant"), by and through its undersigned counsel, answers the First Amended Complaint filed by plaintiff Benjamin A. Stanziale, Jr., Chapter 7 Trustee for PITTRA G.B. International, Inc. ("Plaintiff") in the above-entitled action as follows:

## Jurisdiction, Venue and Parties

1. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 1 of the First Amended Complaint.

2. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 2 if the First Amended Complaint.

3. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 3 of the First Amended Complaint.

4. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 4 of the First Amended Complaint.

5. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 5 of the First Amended Complaint.

6. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 6 of the First Amended Complaint.

7. Defendant IFIG admits the allegations set forth in paragraph 7 of the First Amended Complaint.

8. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 8 of the First Amended Complaint.

9. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 9 of the First Amended Complaint.

10. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 10 of the First Amended Complaint.

Case 06-02702-MS  Doc 28  Filed 05/07/07  Entered 05/07/07 17:11:43  Desc Main
Document  Page 3 of 12


11. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 11 of the First Amended Complaint.

12. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 12 of the First Amended Complaint.

13. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 13 of the First Amended Complaint.

14. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 14 of the First Amended Complaint.

15. Defendant IFIG neither admits nor denies the allegations set forth in paragraph 15 of the First Amended Complaint as they call for a legal conclusion.

16. Defendant IFIG neither admits nor denies the allegations set forth in paragraph 16 of the First Amended Complaint as they call for a legal conclusion.

17. Defendant IFIG neither admits nor denies the allegations set forth in paragraph 15 of the First Amended Complaint as they call for a legal conclusion.

### Transfer of Assets from Debtor to PGB International

18. Defendant IFIG admits the allegations set forth in paragraph 18 of the First Amended Complaint.

19. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 19 of the First Amended Complaint.

20. Defendant IFIG denies the allegations set forth in paragraph 20 of the First Amended Complaint.

21. Defendant IFIG respectfully refers to the document for the contents thereof and otherwise denies the allegations set forth in paragraph 21 of the First Amended Complaint.

22. Defendant IFIG respectfully refers to the document for the contents thereof and otherwise denies the allegations set forth in paragraph 22 of the First Amended Complaint.

23. Defendant IFIG respectfully refers to the document for the contents thereof and otherwise denies the allegations set forth in paragraph 23 of the First Amended Complaint.

24. Defendant IFIG respectfully refers to the document for the contents thereof and otherwise denies the allegations set forth in paragraph 24 of the First Amended Complaint.

25. Defendant IFIG respectfully refers to the document for the contents thereof and otherwise denies the allegations set forth in paragraph 25 of the First Amended Complaint.

26. Defendant IFIG respectfully refers to the document for the contents thereof and otherwise denies the allegations set forth in paragraph 26 of the First Amended Complaint.

27. Defendant IFIG respectfully refers to the document for the contents thereof and otherwise denies the allegations set forth in paragraph 27 of the First Amended Complaint.

28. Defendant IFIG respectfully refers to the document for the contents thereof and otherwise denies the allegations set forth in paragraph 28 of the First Amended Complaint.

29. Defendant IFIG denies the allegations set forth in paragraph 29 of the First Amended Complaint.

30. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 30 of the First Amended Complaint.

31. Defendant IFIG respectfully refers to the document for the contents thereof and otherwise denies the allegations set forth in paragraph 31 of the First Amended Complaint.

32. Defendant IFIG respectfully refers to the document for the contents thereof and otherwise denies the allegations set forth in paragraph 32 of the First Amended Complaint.

33. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 33 of the First Amended Complaint.

34. Defendant IFIG denies the allegations set forth in paragraph 34 of the First Amended Complaint.

35. Defendant IFIG denies the allegations set forth in paragraph 35 of the First Amended Complaint.

36. Defendant IFIG denies the allegations set forth in paragraph 36 of the First Amended Complaint.

37. Defendant IFIG admits the allegations set forth in paragraph 37 of the First Amended Complaint.

38. Defendant IFIG denies the allegations set forth in paragraph 38 of the First Amended Complaint.

39. Defendant IFIG respectfully refers to the document for the contents thereof and otherwise denies the allegations set forth in paragraph 39 of the First Amended Complaint.

40. Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 40 of the First Amended Complaint.

41. Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 41 of the First Amended Complaint.

42. Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 42 of the First Amended Complaint.

43.     Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 43 of the First Amended Complaint.

44.     Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 44 of the First Amended Complaint.

45.     Defendant IFIG denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph 45 of the First Amended Complaint.

46.     Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 46 of the First Amended Complaint.

47.     Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 47 of the First Amended Complaint.

48.     Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 48 of the First Amended Complaint.

49.     Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 49 of the First Amended Complaint.

50.     Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 50 of the First Amended Complaint.

51.     Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 51 of the First Amended Complaint.

52.     Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 52 of the First Amended Complaint.

53.     Defendant IFIG admits the allegations set forth in paragraph 53 of the First Amended Complaint.

54. Defendant IFIG admits the allegations set forth in paragraph 54 of the First Amended Complaint.

55. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 55 of the First Amended Complaint.

56. Defendant IFIG admits the allegations set forth in paragraph 56 of the First Amended Complaint.

57. Defendant IFIG admits the allegations set forth in paragraph 57 of the First Amended Complaint.

58. Defendant IFIG denies the allegations set forth in paragraph 58 of the First Amended Complaint.

## FIRST COUNT
### (Fraudulent Transfer of PITTRA Assets to PGB International)

59. Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

60. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 60 of the First Amended Complaint.

61. Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 61 of the First Amended Complaint.

62. Defendant IFIG leaves plaintiff to its proofs regarding the allegations set forth in paragraph 62 of the First Amended Complaint.

63. Defendant IFIG denies the allegations set forth in paragraph 63 of the First Amended Complaint.

64. Defendant IFIG denies the allegations set forth in paragraph 64 of the First Amended Complaint.

65. Defendant IFIG denies the allegations set forth in paragraph 65 of the First Amended Complaint.

## SECOND COUNT
### (Fraudulent Transfer of PITTRA Assets to IFIG)

66. Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

67. Defendant IFIG denies the allegations set forth in paragraph 67 of the First Amended Complaint.

68. Defendant IFIG denies the allegations set forth in paragraph 68 of the First Amended Complaint.

## THIRD COUNT
### (Civil Conspiracy)

69. Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

70. Defendant IFIG denies the allegations set forth in paragraph 70 of the First Amended Complaint.

71. Defendant IFIG denies the allegations set forth in paragraph 71 of the First Amended Complaint.

72. Defendant IFIG denies the allegations set forth in paragraph 72 of the First Amended Complaint.

## FOURTH COUNT
### (Conversion)

73. Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

74. Defendant IFIG denies the allegations contained in paragraph 74 of the First Amended Complaint.

## FIFTH COUNT
### (Breach of Fiduciary Duty)

75. Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

76. Defendant IFIG neither admits nor denies the allegations set forth in paragraph 76 of the First Amended Complaint as they call for legal conclusions.

77. Defendant IFIG denies the allegations set forth in paragraph 77 of the First Amended Complaint.

## SIXTH COUNT
### (Extension PITTRA Bankruptcy Proceedings to PGB International and IFIG)

78. Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

79. Defendant IFIG denies the allegations set forth in paragraph 79 of the First Amended Complaint.

80. Defendant IFIG denies the allegations set forth in paragraph 80 of the First Amended Complaint.

81.     Defendant IFIG denies the allegations set forth in paragraph 81 of the First Amended Complaint.

WHEREFORE, Defendant IFIG USA, Inc. demands judgment:

A.   Dismissing the First Amended Complaint with prejudice;

B.   For the costs of suit, including attorneys' fees, incurred herein; and

C.   For such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over all or some of the matters asserted in the First Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

IFIG purchased certain assets of PGB and paid more than their reasonably equivalent value.

### FOURTH AFFIRMATIVE DEFENSE

The formation of IFIG and its acquisition of certain contracts of PITTRA G.B. International was for legitimate business reasons and not to hinder, delay or defraud creditors.

### FIFTH AFFIRMATIVE DEFENSE

IFIG acquired certain contracts of PGB in good faith and for a reasonably equivalent value. See N.J.S.A. 25:2-30a.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs allege a cause of action under N.J.S.A. 25:2-27b, it is barred by the applicable one-year limitations period contained in N.J.S.A. 25:2-31c.

### SEVENTH AFFIRMATIVE DEFENSE

Certain remedies sought by plaintiffs are barred by principles of laches.

### EIGHTH AFFIRMATIVE DEFENSE

The defenses in N.J.S.A.25:2-30 shield defendants from liability.

### NINTH AFFIRMATIVE DEFENSE

This action is barred by the statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by the doctrine of equitable estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

IFIG incorporates herein any defenses raised by its co-defendants as may be applicable to IFIG.

### RESERVATION OF RIGHT TO FILE THIRD-PARTY CLAIMS

Defendant reserves his right to file claims against third parties within the time allowed by the Court.

### DEMAND FOR JURY TRIAL
### AND RESERVATION OF RIGHTS

Defendant hereby asserts its right under the Seventh Amendment of the United States Constitution to a trial by jury.

Defendant does not consent to the entry of a final judgment by the Bankruptcy Court or to the hearing of a jury trial by a bankruptcy judge.

Defendant reserves its right to seek any and all remedies arising from the limits of the

Bankruptcy Court's jurisdiction including without limitation dismissal, abstention and/or withdrawal of the reference.

Defendant reserves all claims and defenses with respect to matters or persons over which the Court lacks jurisdiction.

<div style="text-align:right">

s/ Christopher P. Anton
Christopher P. Anton (CA 1732)
A. Michael Covino (AC 4352)
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078-2703
Telephone: (973) 379-4800
Telecopy:   (973) 379-7734
Attorneys for Defendant IFIG USA, Inc.

</div>

Dated: May 7, 2007
637260