**SAIBER SCHLESINGER
SATZ & GOLDSTEIN, LLC**
Vincent F. Papalia (VP1418)
Mark A. Roney (MR1931)
One Gateway Center-13th Floor
Newark, New Jersey 07012
Telephone: (973) 622-3333
Facsimile (973) 622-3349
*Attorneys for E. Ross Browne*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re:<br><br>PITTRA G.B. INTERNAIONAL, INC.,<br><br>Debtor. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Hon. Morris Stern<br><br>Case No. 06-10889<br><br>Chapter 7 |
| BENJAMIN A. STANZIALE, JR., CHAPTER 7 TRUSTEE FOR PITTRA G.B. INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARTHUR KUPPERMAN, PAULETTE KRELMAN, E. ROSS BROWNE, SR., PGB INTERNATIONAL, LLC and IFIG USA, INC. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Adversary Proceeding No. 06-2702 (MS)<br><br>**ANSWER, DEFENSES AND JURY DEMAND OF DEFENDANT E. ROSS BROWNE TO THE FIRST AMENDED COMPLAINT** |

Defendant E. Ross Browne ("Browne") by and through his attorneys, Saiber Schlesinger Satz & Goldstein, L.L.C., without waiving any of his constitutional, statutory or common law rights or privileges, as for his Answer, Defenses, and Cross-Claims and Jury Demand to the First Amended Complaint, says:

{00479429.DOC}

1

**Jurisdiction, Venue and Parties**

1. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1.

2. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2.

3. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3.

4. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4.

5. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5.

6. Browne admits the allegations contained in paragraph 6.

7. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7.

8. Browne admits the allegations contained in paragraph 8.

9. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

10. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

11. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

12. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

13. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13.

14. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14.

15. The allegations of paragraph 15 constitute legal conclusions which require no response.

16. The allegations of paragraph 16 constitute legal conclusions which require no response.

17. Browne denies that this matter is a core proceeding and otherwise responds by stating the remaining allegations of paragraph 17 constitute legal conclusions which require no response. Browne does not consent to the entry of final orders or judgment by the Bankruptcy Judge.

**Transfer of Assets from Debtor to PGB International**

18. Browne admits the allegations contained in paragraph 18.

19. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

20. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

21. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

22. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

23. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

24. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

25. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

26. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

27. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

28. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

29. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

30. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

31. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

32. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

33. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

34. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

35. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

36. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

37. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

38. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

39. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

40. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40.

41. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41.

42. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

43. Browne is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 43.

44. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

45. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

46. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46.

47. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47.

48. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48.

49. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

50. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

51. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

52. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

53. Browne admits that Merrill Lynch Business Financial Services filed suit against him and that JP Morgan Chase Bank, N.A., a co-defendant, filed cross-claims against him in the same action.

54. Browne admits the allegations contained in paragraph 54.

55. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55.

56. Upon information and belief, Browne admits the allegations contained in paragraph 56.

57. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 57.

58. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58.

## **FIRST COUNT**
**(Fraudulent Transfer)**

59. Browne repeats and realleges his response to paragraphs 1 through 58 above.

60. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

61. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

62. The allegations of paragraph 62 constitute legal conclusions which require no response.

63. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

64. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

65. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

**WHERFORE**, Browne demands judgment dismissing the First Count of the First Amended Complaint as to Browne, with prejudice, and awarding Browne reasonable

attorneys' fees and costs of suit; and grant such other and further relief as the Court deems just and equitable.

## SECOND COUNT
### (Fraudulent Transfer of PITTRA assets to IFIG)

66. Browne repeats and realleges his response to paragraphs 1 through 65 above.

67. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 67.

68. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 68.

**WHERFORE**, Browne demands judgment dismissing the Second Count of the First Amended Complaint as to Browne, with prejudice, and awarding Browne reasonable attorneys' fees and costs of suit; and grant such other and further relief as the Court deems just and equitable.

## THIRD COUNT
### (Civil Conspiracy)

69. Browne repeats and realleges his response to paragraphs 1 through 68 above.

70. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

71. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

72. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

**WHERFORE**, Browne demands judgment dismissing the Third Count of the First Amended Complaint as to Browne, with prejudice, and awarding Browne reasonable attorneys' fees and costs of suit; and grant such other and further relief as the Court deems just and equitable.

### FOURTH COUNT
**(Conversion)**

73. Browne repeats and realleges his response to paragraphs 1 through 72 above.

74. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

**WHERFORE**, Browne demands judgment dismissing the Fourth Count of the First Amended Complaint as to Browne, with prejudice, and awarding Browne reasonable attorneys' fees and costs of suit; and grant such other and further relief as the Court deems just and equitable.

### FIFTH COUNT
**(Breach of Fiduciary Duty)**

75. Browne repeats and realleges his response to paragraphs 1 through 74 above.

76. The allegations of paragraph 76 constitute legal conclusions which require no response.

77. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

**WHERFORE**, Browne demands judgment dismissing the Fifth Count of the First Amended Complaint as to Browne, with prejudice, and awarding Browne reasonable

attorneys' fees and costs of suit; and grant such other and further relief as the Court deems just and equitable.

## SIXTH COUNT
### (Extension PITTRA Bankruptcy Proceedings to PGB International and IFIG)

78. Browne repeats and realleges his response to paragraphs 1 through 77 above.

79. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

80. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

81. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

**WHERFORE**, Browne demands judgment dismissing the Sixth Count of the First Amended Complaint as to Browne, with prejudice, and awarding Browne reasonable attorneys' fees and costs of suit; and grant such other and further relief as the Court deems just and equitable.

## DEFENSES

### FIRST SEPARATE DEFENSE

The First Amended Complaint fails to state a cause of action upon which relief may be granted as to Browne.

**SECOND SEPARATE DEFENSE**

Plaintiff's claims against Browne are barred because whatever injuries or damages that were sustained by the plaintiff were caused by parties or instrumentalities over which Browne had no control.

**THIRD SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the business judgment rule.

**FOURTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Debtor received reasonably equivalent value for the alleged transfer.

**FIFTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Browne did not breach any duty allegedly owed to Debtor.

**SIXTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Browne did not breach any duty allegedly owed to Debtor's creditors.

**SEVENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because at the time the alleged transfer was made, Debtor was not insolvent.

**EIGTH SEPARATE DEFENSE**

Plaintiff has failed to join indispensable parties, namely: Merrill Lynch Business Financial Services, Inc. and JPMorgan Chase Bank, N.A., each of which has asserted a security or other interest in the property of PGB International, LLC and/or IFIG USA, Inc.

## CROSSCLAIM FOR INDEMNIFICATION

While denying any liability to plaintiff for any damages allegedly sustained or to be sustained by him, Browne, by way of crossclaim against Co-Defendants, and any other parties already named or named hereinafter in this action, asserts that any and all damages sustained were the proximate result of the conduct of the Co-Defendants, whose misconduct was primary and active and if Browne is found liable with respect to said damages, such liability resulted solely from secondary, imputed, vicarious or passive negligence, and the Co-Defendants are liable to Browne by way of common law indemnification for any and all injuries and damages for which Browne may be found liable in this matter.

**WHEREFORE**, Browne demands indemnification from all Co-Defendants to this action for any damages for which Browne may be found liable in this matter.

## CROSSCLAIM FOR CONTRIBUTION

While denying any liability to plaintiff for any damages allegedly sustained or to be sustained by him, Browne, by way of crossclaim against Co-Defendants, asserts if it is determined that the Browne was negligent, such negligence was vicarious, passive and secondary and it was the negligence of one or more Co-Defendants which was the active, primary and proximate cause of the plaintiff's damages and Browne herein demands contribution from. said Co-Defendants for the amount of any judgment and costs as against Browne herein pursuant to the Joint Tortfeasors Contribution Act N.J.S.A. 2A:53A-1, et *seq.*

**WHEREFORE**, Browne demands contribution from all Co-Defendants to this action for any damages for which Browne may be found liable in this matter.

## ANSWER TO ALL CROSSCLAIMS

Browne, by way of answer to any claim for contribution or indemnification heretofore asserted by any other party or which shall hereinafter be asserted by any other party (whether now or hereafter existing), says:

1. Browne denies each and every allegation of each such claim and further denies liability in any way to any other party herein.

2. Browne hereby incorporates by reference and asserts each and every separate defense which heretofore is stated in this pleading as a defense to the claims.

**WHEREFORE**, Browne demands that any claim for contribution or indemnification asserted against him be dismissed with prejudice and without costs.

## DEMAND FOR JURY TRIAL

Browne hereby demands a trial by jury on all issues so triable.

        **SAIBER SCHLESINGER
SATZ & GOLDSTEIN, LLC**
*Attorneys for E. Ross Browne*

        By: s/ Vincent F. Papalia
           VINCENT F. PAPALIA
           MARK A. RONEY
           One Gateway Center - 13th Floor
           Newark, New Jersey 07102
           (973) 622-3333 (Telephone)
           (973) 622-3349 (Telecopier)

DATED: May 7, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2007 the original of the within Answer and Affirmative Defenses was electronically filed with the Clerk, United States Bankruptcy Court, District of New Jersey within the time prescribed by the Rules of Court, as extended by agreement between the parties. I further certify that a true copy of the within pleading was forwarded via electronic mail and facsimile (on May 8, 2007) to:

| | |
|---|---|
| James A. Scarpone, Esq.<br>Scarpone Staiano LLC<br>744 Broad Street, Suite 1901<br>Newark, NJ  07102-3802 | John M. August, Esq.<br>Herrick, Feinstein, LLP<br>One Gateway Center<br>Newark, NJ 07102 |
| A. Michael Covino, Esq.<br>Budd Larner, P.C.<br>150 John F. Kennedy Parkway, CN 1000<br>Short Hills, NJ 07078-0999 | George R. Hirsch, Esq.<br>Bressler, Amery & Ross, P.C.<br>325 Columbia Turnpike<br>Florham Park, NJ 07932 |
| Frederick B. Polak, Esq.<br>Post, Polak, Goodsell,<br>MacNeill & Strauchler, P.A.<br>425 Eagle Rock Avenue #200<br>Roseland, NJ 07068 | Patricia A. Staiano, Esq.<br>Hellring, Lindeman, Goldstein & Seigal<br>One Gateway Center, 8th Floor<br>Newark, NJ 07102 |

I certify that the foregoing statements made by me are true. I am aware that if the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Vincent F. Papalia
VINCENT F. PAPALIA

Dated:  May 7, 2007